E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3500-GHK (JCGx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | *Joshua Fjeld v. Penske Logistics, LLC* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) re:** Motion for Approval of Settlement and Stipulation of Judgment Dismissing Case with Prejudice (Dkt. # 76)

This matter is before us on Plaintiff Joshua Fjeld ("Plaintiff") and Defendant Penske Logistics, LLC's ("Defendant") Joint Motion for Approval of Settlement and Stipulation of Judgment Dismissing Case With Prejudice ("Motion"). We have considered the papers filed in support of this Motion, and for the reasons set forth herein, deem this matter ill-suited for resolution at this time.

**I.   Background**

Plaintiff was employed as an Operations Supervisor and Dispatcher for Defendant from June 2007 to July 2009 and again from December 2009 to November 2010. He filed this wage and hour class action against Defendant contending that he and other similarly situated employees were misclassified as "administrators" under California law. Based on these allegations, he asserted the following three claims: (1) failure to pay overtime wages in violation of Cal. Lab. Code §§ 510, 1194, and 1198; (2) failure to provide meal and rest periods in violation of Cal. Lab. Code §§ 226.7 and 512; and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

On August 9, 2013, we denied Plaintiff's class certification motion. (Dkt. 70.) Thereafter, the Parties attended mediation to attempt to settle Plaintiff's individual claims. On September 23, 2013, in a joint status report, the Parties notified us that they had reached a settlement. The Settlement Agreement includes a general release of all claims, including any Fair Labor Standards Act ("FLSA") claims that Plaintiff may have. The Parties now seek our approval of the Settlement Agreement ("Agreement").

**II.   Necessity of Court Approval**

Relying on *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties assert that our approval of their Settlement Agreement is necessary because the Agreement contains a release of Plaintiff's potential FLSA claims. Until recently, the Eleventh Circuit was the only court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3500-GHK (JCGx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | *Joshua Fjeld v. Penske Logistics, LLC* | | |

appeals to have ruled on the issue of how FLSA claims may be settled. *See Martin v. Spring Break '83 Prod., LLC*, 688 F.3d 247, 256 n. 10 (5th Cir.), *cert. denied*, 133 S. Ct. 795 (mem.) (2012).

In *Lynn's Food*, after an official investigation initiated by the Department of Labor ("DOL"), the DOL determined that Lynn's had violated various provisions of the FLSA, making it liable to its employees for back wages and liquidated damages totaling more than $10,000.[1]  679 F. 2d at 1352. After unsuccessfully attempting to negotiate a settlement with the DOL, Lynn's approached its employees directly, offering them $1,000, to be divided among them, to waive any claims they had under the FLSA. *Id.*  Lynn's then brought a declaratory judgment action against the DOL seeking a declaration that it was free from any liability arising under the FLSA because the claims had been settled. *Id.*

After considering the language and purpose of the statute, and related Supreme Court precedent,[2] the Eleventh Circuit stated that there are only two ways to settle an FLSA claim: (1) under the supervision of the DOL pursuant to § 216(c),[3] or (2) through a private action under § 216(b), under

---

[1] An employer who violates the FLSA is liable to its employees for unpaid minimum wages or unpaid overtime compensation, and an additional equal amount in liquidated damages.  29 U.S.C. § 216(b).

[2] In holding that either DOL or court approval is necessary to settle an FLSA claim, the court in *Lynn's Food* relied on two Supreme Court cases, *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) and *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).  In *Brooklyn Savings*, the Supreme Court refused to give effect to employee-signed releases of their rights to liquidated damages under the FLSA.  324 U.S. at 698-702.  The Court held that the releases were invalid because they were not "in settlement of a bona fide dispute between the parties with respect to coverage or amount due under the Act," but rather, were "mere waiver[s] of [the employees'] right[s] to liquidated damages." *Id.* at 703-714.  The Supreme Court then took up the question of whether the FLSA would permit settlement of claims when the employer disputed whether it was subject to coverage by the FLSA.  In *Schulte*, an employer disputed whether it was subject to coverage by the FLSA, but paid employees claimed overtime wages after they threatened to sue in exchange for waiver of any other obligations under the FLSA. *Id.* at 109-12.  The employees then filed a lawsuit to collect liquidated damages, and the employer argued that the employees had waived their rights to liquidated damages. *Id.*  The Court held that the waivers were invalid, reasoning that FLSA remedies "cannot be bargained away by bona fide settlements of disputes over coverage." *Id.* at 114.  The Court left open the question of whether "compromises in other situations . . . such as a dispute over the number of hours worked or the regular rate of employment" may be valid.  *Id.*; *see also Brooklyn Savings*, 324 U.S. at 714.

[3] Section 216(c) provides, in relevant part: "The Secretary [of Labor] is authorized to supervise the payment of the unpaid minimum wages of the unpaid overtime compensation owing to any employee or employees under . . . this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3500-GHK (JCGx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | *Joshua Fjeld v. Penske Logistics, LLC* | | |

which a claim may be settled only through "a stipulated judgment entered by a court which has determined that [the] settlement . . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1352-53, 1355. Because the settlement in *Lynn's Food* was not under the supervision of the DOL and occurred "outside of the adversarial context of a lawsuit," the court determined that approval of the agreement "would be in clear derogation of the letter and spirit of the FLSA." *Id.* At 1352-54. In holding that the agreement was unenforceable, the court emphasized the unequal bargaining power of the employer, that some of the employees did not speak English, that the employees were not represented by an attorney, and that the employees seemed unaware of the DOL's determination or their rights under the FLSA. *Id.*

After *Lynn's Food*, district courts in almost every circuit, including ours, cited *Lynn's Food* for the proposition that FLSA claims may not be settled without DOL supervision or court approval. *See, e.g.*, *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119, at *12-13 (C.D. Cal. Feb. 25, 2008); *Yue Zhou v. Wang's Restaurant*, 2007 WL 172308, at *1 (N.D. Cal Jan. 17, 2007). However, in 2005, a district court in the Western District of Texas broke away from the majority of courts and determined that private settlements without court approval may be enforceable in some circumstances. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). In *Martinez*, a plaintiff and his employer disputed how much money was owed to him in unpaid overtime. *Id.* at 612, 631-32. The plaintiff, who was aware of his rights under the FLSA, signed an agreement accepting $1,000 as "full payment" of his unpaid overtime claims. *Id.* After analyzing the FLSA and its amendments, legislative history, and related precedent, the court held that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id.* at 631. Accordingly, the court determined that settlement and release were valid and enforceable, entitling the employer to summary judgment in a subsequent lawsuit initiated by the plaintiff for unpaid overtime under the FLSA. *Id.* at 632.

In 2012, approving of the rationale in *Martinez*, the Fifth Circuit held that a nonjudicially approved settlement of FLSA claims is enforceable when it is "predicated on a bona fide dispute over time worked and not as a compromise of guaranteed FLSA substantive rights themselves." *Martin*, 688 F.3d at 255. In so holding, the court affirmed a district court's granting of summary judgment for an employer in a lawsuit for unpaid wages brought by employees because the employees, through their union representative, entered into a settlement agreement pertaining to disputed hours the employees allegedly worked. *Id.* At 249-50. The Fifth Circuit distinguished *Lynn's Food*, explaining that here the employees had legal counsel and knew about their rights under the FLSA. *Id.* at 256 n. 10. Thus, the concerns expressed in *Lynn's Foods* were not implicated because the settlement related to a bona fide dispute and "did not occur outside the context of a lawsuit." *Id.* Rather, their FLSA rights were addressed through the settlement agreement and were "not waived or bargained away." *Id.* at 257.

*Martin* has since been cited with approval by a number of district courts, including at least one in the Ninth Circuit. *See, e.g.*, *Fernandez v. A-1 Duran Roofing,* Inc., 2013 WL 684736, at *1 (S.D. Fla.

---

subsection (b) of this section . . . ."

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3500-GHK (JCGx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | *Joshua Fjeld v. Penske Logistics, LLC* | | |

Feb. 25, 2013) (finding that court approval was not necessary because the settlement was negotiated in an adversarial proceeding); *Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428, at *2 (D. Ariz. Aug. 23, 2012) (approving settlement agreement as fair and reasonable, but noting that after *Martin*, "such a settlement could reasonably be found binding upon the parties even without court approval"). The Parties have submitted their Motion under the assumption that a release of FLSA claims requires our approval and have not adequately addressed the issue of whether court approval is necessary. Accordingly, the Parties are hereby **ORDERED** to submit supplemental briefing addressing why approval of their settlement is required.

### III.     Adequacy of Pleadings

Even if it were clear that court approval is necessary to release Plaintiff's FLSA claims, the Parties briefing is inadequate in several respects, preventing us from determining whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food*, 679 F.2d at 1354. If a settlement appears reasonable on its face, generally we inquire into whether the proposed FLSA settlement, "(1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of the settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

Here, the Parties contend that the settlement is fair and reasonable because "the Parties stipulate[d] that the settlement reached represents a fair and equitable resolution of all claims," and Plaintiff is aware that he is releasing all claims under the FLSA. (Mot. 2.) These conclusory assertions are not supported by any evidence or analysis. Absent more information, we cannot conclude that the settlement is a fair and reasonable resolution of a bona fide FLSA dispute. *See McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, at *2-4 (N.D. Cal. Dec. 19, 2012) (rejecting FLSA settlement in part because counsel provided no information about the potential range of recovery, how they arrived at the settlement amount, or any other information that would allow the court to analyze the settlement's reasonableness). Accordingly, the Parties are hereby **ORDERED** to submit supplemental briefing addressing the fairness and reasonableness of their Agreement.

### IV.     Filing Settlement Agreement Under Seal

In addition to seeking approval of their Agreement, the Parties have also submitted a Joint Application to File Settlement Agreement Under Seal ("Application"). In support of filing their Agreement under seal, the Parties cite *Zulewski v. The Hershey Co.*, 2013 WL 4570152 (N.D. Cal Aug. 16, 2013). In *Zulewski*, the court approved a confidential settlement agreement, without analysis, because the parties requested that the amount of the settlement be kept confidential. *Id.* at *1. The majority of courts addressing the issue, however, have concluded that FLSA settlements generally cannot be filed under seal. *See, e.g.*, *Joo v. Kitchen Table Inc.*, 763 F. Supp. 2d 643, 647-48 (S.D.N.Y.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3500-GHK (JCGx) | Date | November 27, 2013 |
|---|---|---|---|
| Title | *Joshua Fjeld v. Penske Logistics, LLC* | | |

2011); *Luo v. Zynga, Inc.*, 2013 WL 5814763, at *2-4 (N.D. Cal. Oct. 29, 2013) (collecting sources). We find these cases persuasive.

There is a presumption of public access to all judicial documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Although in most cases a settlement agreement is not a judicial document, in FLSA cases, where the parties are seeking court approval of a settlement, the agreement is a "judicial document" to which the presumption applies. *Joo*, 763 F. Supp. 2d at 644-45. Therefore, "an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Id.* at 647.

Here, the Parties argue that the Settlement Agreement should be sealed because it contains a confidentiality provision. (Application 2.) Courts considering this argument for sealing an FLSA settlement agreement, however, have routinely rejected it. *See Luo*, 2013 WL 5814763, at *3; *Scott v. Memory Co.*, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) ("The fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public."). Because the Parties have failed to overcome the presumption of public access, their Application to file the Agreement under seal is **DENIED**. Inasmuch as we now order the Parties to file further briefing, the court clerk is directed to not file this Application and to return it to the Parties.

**V.      Conclusion**

Based on the foregoing, the Parties are hereby **ORDERED** to file supplemental briefing, within **14 days hereof**, addressing: (1) why court approval of their settlement is necessary, and (2) what facts and evidence support a finding that their settlement is a fair and reasonable resolution of a bona fide FLSA dispute. Additionally, the Parties Application to file the Agreement under seal is **DENIED**. The Application and Agreement are **REJECTED**, and **SHALL** be returned to the Parties by the court clerk. If the Parties still wish to seek our approval of this Agreement, they **SHALL**, within **14 days hereof**: (1) file a new Application setting forth specific reasons that justify sealing their agreement, or (2) file an unsealed agreement as a public record. The Parties' failure to submit supplemental briefing, or a new Application or unsealed agreement within the time specified will be deemed their abandonment of this Motion. In that event, we will deem the Parties to have concluded that court approval is unnecessary to consummate their settlement and will dismiss this action with prejudice due to settlement.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |